**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WALTER B. FARVER, SR.,                                                                      PLAINTIFF
ADC #88281

v.                                          5:14CV00142-KGB-JTK

GREG BOLIN                                                                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not
offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Plaintiff Walter Farver, Sr., a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion should be denied. 28 U.S.C. § 1915(a).

## II.   SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed as frivolous and for failure to state a

2

claim,[1] and is considered a "three-striker" within the meaning of the PLRA.  Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

However, Plaintiff's current claim  –  that Defendant's requirement that all mail to and from the Jail be written on 4 x 6 plain post cards violates his freedom of speech  –  does not fall within the category of imminent danger of serious harm.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff Farver's Motion to Proceed In Forma Pauperis  (Doc. No. 1) be DENIED.

2.      Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $400.00[2] to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

---

[1] See Farver v. Hence, 5:04cv00414-JMM, dismissed for failure to state a claim; Farver v. Ashley, 5:96cv00169-GH, dismissed as frivolous; Farver v. Masters, 5:89cv00480-GTE, appeal dismissed by the United States Court of Appeals for the Eighth Circuit as legally frivolous.  The three strikes provision expressly refers to appeals, and the dismissal of an appeal as frivolous counts as a strike.  See Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).  In addition, dismissals which occurred prior to the enactment of the PLRA on April 25, 1996, also count as strikes.  See In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining the number of his strikes.)

[2] Effective May 1, 2013, the cost for filing a new civil case increased to $400, due to the implementation of a new $50 administrative fee.

3.      Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 25th day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE